THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD RORKE and JAMES RORKE, Appellants, v. THE BOARD OF ASSESSORS OF THE CITY OF BROOKLYN, Respondent.

*Taxation — exemption of school-houses and the lots upon which they stand — when the owner of a building leased for a school is not entitled to it — 1 R. S., 388, sec. 4.*

The relators being the owners of a house and lot in the city of Brooklyn leased the same to the board of education of the said city to be, and the same was, used as a public school. Prior to that time the house had been used as a private dwelling.

*Held,* that the relators were not entitled to the exemption from taxation conferred by section 4 of 1 Revised Statutes, 388, upon every building erected for the use of a college, incorporated academy, or other seminary of learning, and every school-house, and the lots upon which such buildings are situated.

The word "school-house" refers only to such buildings, with the sites upon which they are situated, as the district would have been compelled to pay a tax upon as owner, had it not been for the exemption created by the statute.

Appeal from an order made at a Special Term affirming the proceedings of the respondent upon the return to a writ of *certiorari.*

The relators owned a lot in the city of Brooklyn and a building thereon, which had, prior to May, 1881, been used as a private dwelling. In that month they leased the premises to the board of education of the city of Brooklyn for the term of one year and six months to be used as a public school. The building was from that time down to the time of the issuance of the writ herein occupied by the board and used for school purposes, that is, as a branch of one of the public schools. The relators claimed that their real estate was entitled to exemption from taxation for the year 1882.

*Jesse Johnson,* for the appellants.

*John A. Taylor,* for the respondent.

Barnard, P. J.:

The order made at Special Term necessarily resulted from the principle established in *Chegaray v. The Mayor* (13 N. Y., 220). By 1 Revised Statutes (388, § 4) "every building erected for the use of a college, incorporated academy or other seminary of learning;

every building for public worship; every school-house, court-house and jail; and the several lots whereon such buildings are situated, and the furniture belonging to them."

The Court of Appeals held that the exemption of school-houses in the statute only referred to those used for public common schools. The exemption was claimed for a private school-house. The present is a case where the owners of land leased to the board of education a house for school purposes, and it has in point of fact been used for a public school. The Court of Appeals in their decision speak of buildings provided for the use of public common schools and buildings used by the public, and from this language the present applicant bases his claim for exemption. It is evident that the Court of Appeals did not intend to decide the question now presented. It was not in the case, and the opinion is devoted wholly to the discussion of the question whether private school-houses were exempt. The use of the language "used by the public," had no relevancy except upon that question. When it was decided that public school-houses were liable to taxation, the question of what was a public school-house, was left open. The owner of land is liable to taxation. If he leases it for a public school it is not a school-house within the meaning of our school laws. The lessees claim no exemption and they use the building as a school. The lessor is liable as owner. The use of it by his lessee did not create an exemption in his favor. The words "school-house" in the statute had sole reference to those buildings with the site which the district would have been bound to pay a tax upon as owner but for the exemption. The exemption statute was designed to aid education. Under the construction claimed it would not do so. The board of education hire a building and pay the value of its use and occupation. The owner would get from the treasury by exemption the tax in addition to the value of the use of the premises.

The order should be affirmed, with costs and disbursements.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.